UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
-----------------------------X
                             :
UNITED STATES OF AMERICA,    :
                             :    24-CR-105 (EK)(CLP)
        v.                   :
                             :    December 5, 2024
CHARLES O. PARKS, III,       :
                             :    Brooklyn, New York
            Defendant.       :
                             :
-----------------------------X
```

TRANSCRIPT OF CRIMINAL CAUSE FOR GUILTY PLEA
BEFORE THE HONORABLE CHERYL L. POLLAK
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:          BREON PEACE, ESQ.
                             U.S. ATTORNEY
                             BY: ANDREW REICH, ESQ.
                             ASSISTANT U.S. ATTORNEY
                             271 Cadman Plaza East
                             Brooklyn, New York  11201


For the Defendant:           JEFFREY DAHLBERG, ESQ.
                             Federal Defenders of New York
                             One Pierrepont Plaza, 16th Floor
                             Brooklyn, NY 11201



Court Transcriber:           ARIA SERVICES, INC.
                             c/o Elizabeth Barron
                             274 Hovey Road
                             Milo, ME 04463
                             Aria@leinen.net



Proceedings recorded by electronic sound recording,
transcript produced by transcription service

```
1              THE CLERK:  This is the matter of United

2   States v. Charles O. Parks III, docket number 24-CR-

3   105, criminal cause for pleading.

4              Counsel, please state your appearances for

5   the record.

6              MR. REICH:  Good afternoon, your Honor.

7   Andrew Reich for the government.  I'm joined by FBI

8   Special Agent Scott Stoner (ph).

9              THE COURT:  Good afternoon.

10             MR. DAHLBERG:  Good afternoon, your Honor.

11  Jeff Dahlberg, Federal Defenders of New York.  I'm

12  joined by Mr. Parks to my left.

13             THE COURT:  All right, good afternoon.

14             Good afternoon, Mr. Parks.

15             THE DEFENDANT:  Good afternoon, your Honor.

16             THE COURT:  Everyone may be seated.

17             Before we begin, Mr. Parks, I take it that

18  you understand English.

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  Okay.  If at any point something

21  is said that you don't understand, please let me know,

22  okay?

23             THE DEFENDANT:  Yes, thank you.

24             THE COURT:  All right.  So the first issue

25  that I want to deal with this afternoon is your consent
```

1  to have me hear your plea.  You understand that this is

2  Judge Komitee's case and he is the United States

3  District Judge who will sentence you and who will make

4  the ultimate decision as to whether or not to accept

5  your plea of guilty.  If you wish, you have the

6  absolute right to have Judge Komitee hear your plea and

7  if you choose to do that, there will be no prejudice to

8  you.

9        On the other hand, if you wish, I will hear

10 your plea this afternoon and a transcript of these

11 proceedings will be made from the tape-recording

12 devices here in the courtroom, and that transcript will

13 be given to Judge Komitee to review at the time of your

14 sentence and when he makes his decision as to whether

15 or not to accept your plea of guilty.

16       Do you wish to give up your right to have

17 Judge Komitee hear your plea and proceed instead before

18 me this afternoon?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  Do you make this decision

21 voluntarily and of your own free will?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  Has anyone made any threats or

24 promises to get you to agree to have me hear your plea?

25             THE DEFENDANT:  No, your Honor.

1          THE COURT:  I believe this is the consent
2     form that you may have signed earlier.  Could you
3     please just take a look at it and tell me first of all
4     if you've seen it before.
5          THE DEFENDANT:  Yes, your Honor.
6          THE COURT:  And have you had a chance to
7     read it?
8          THE DEFENDANT:  Yes, your Honor.
9          THE COURT:  And did you discuss it with
10    counsel?
11         THE DEFENDANT:  Yes, your Honor.
12         THE COURT:  And is that your signature there
13    at the bottom of the page?
14         THE DEFENDANT:  Yes, your Honor.
15         THE COURT:  All right, thank you.
16         I will note for the record that it's also
17    been signed by counsel for the defendant, by the
18    Assistant United States Attorney, and I'm endorsing it
19    as well.
20         Mr. Parks, before I can hear your plea,
21    there are a number of questions that I must ask you to
22    insure that it is a valid plea.  Again, if you don't
23    understand any of my questions, just tell me and I will
24    rephrase them, all right?
25         THE DEFENDANT:  Yes, your Honor.

1              (Defendant is sworn.)

2              THE COURT:  You understand that having been

3    sworn, your answers to my questions will be subject to

4    the penalties of perjury or making a false statement if

5    you don't answer them truthfully.

6              Do you understand that?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  What is your full name?

9              THE DEFENDANT:  Charles Otis (ph) Parks III.

10             THE COURT:  And how old are you, sir?

11             THE DEFENDANT:  46 years old.

12             THE COURT:  What education have you had?

13             THE DEFENDANT:  Some college and 63

14   certifications.

15             THE COURT:  Okay.  When you say some

16   college, like two years?

17             THE DEFENDANT:  Two years of undergrad, yes.

18             THE COURT:  Have you had any problems

19   communicating with your attorney?

20             THE DEFENDANT:  No, your Honor.

21             THE COURT:  Counsel, have you had any

22   problems communicating with your client?

23             MR. DAHLBERG:  No, your Honor.

24             THE COURT:  Mr. Parks, are you presently or

25   have you recently been under the care of either

```
 1   physician or a psychiatrist?

 2             THE DEFENDANT:  No, your Honor.

 3             THE COURT:  In the last 24 hours, have you

 4   taken any narcotic drugs?

 5             THE DEFENDANT:  No, your Honor.

 6             THE COURT:  Any medicine or pills of any

 7   kind in the last 24 hours?

 8             THE DEFENDANT:  Only nasal spray, your

 9   Honor.

10             THE COURT:  I assume that does not affect

11   your ability to think clearly.

12             THE DEFENDANT:  No, your Honor, correct.

13             THE COURT:  Have you had any alcohol to

14   drink in the last 24 hours?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  Okay.  When?  When did you have

17   some alcohol?

18             THE DEFENDANT:  During my flight here, about

19   24 hours ago.

20             THE COURT:  Okay.  So about 24 hours ago.

21             THE DEFENDANT:  Correct.

22             THE COURT:  Are you feeling any of the

23   effects of that drink at this point in time?

24             THE DEFENDANT:  No, your Honor.

25             THE COURT:  As you sit here today, is your
```

1    mind clear?

2            THE DEFENDANT:  Yes, your Honor.

3            THE COURT:  Do you understand what we're

4    doing here today?

5            THE DEFENDANT:  Absolutely, your Honor.

6            THE COURT:  Counsel, have you discussed the

7    matter of pleading guilty with your client?

8            MR. DAHLBERG:  Yes, I have, your Honor.

9            THE COURT:  In your view, does he understand

10   the rights he will be waiving by pleading guilty?

11           MR. DAHLBERG:  Yes, he does.

12           THE COURT:  Is he capable of understanding

13   the nature of these proceedings?

14           MR. DAHLBERG:  Yes, your Honor.

15           THE COURT:  Do you have any doubt as to his

16   competence to plead at this time?

17           MR. DAHLBERG:  No, I don't.

18           THE COURT:  Have you advised him of the

19   maximum sentence and fine that can be imposed as a

20   result of his plea here?

21           MR. DAHLBERG:  Yes, your Honor.

22           THE COURT:  Have you discussed with him the

23   operation of the sentencing guidelines in this case?

24           MR. DAHLBERG:  Yes, I have.

25           THE COURT:  Mr. Parks, you understand that

1  you have the right to be represented by counsel,

2  including court-appointed counsel if you cannot afford

3  your own attorney, and that this right to be

4  represented by counsel extends to every stage of the

5  proceedings.

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  Counsel, you've been appointed

8  in this case, I take it.

9          MR. DAHLBERG:  That's correct, your Honor.

10         THE COURT:  Mr. Parks, do you feel that

11 you've had enough time to discuss your case with your

12 attorney?

13         THE DEFENDANT:  Yes, your Honor.

14         THE COURT:  Are you satisfied to have him

15 represent you?

16         THE DEFENDANT:  Very much so, your Honor.

17         THE COURT:  Okay.  Have you received a copy

18 of the indictment --

19         THE DEFENDANT:  Yes, your Honor.

20         THE COURT:  -- the charges in this case?

21         THE DEFENDANT:  Yes, your Honor.

22         THE COURT:  Have you had an opportunity to

23 review the charges with your attorney?

24         THE DEFENDANT:  Yes, your Honor.

25         THE COURT:  My understanding is, you seek to

1  plead guilty today to Count 1, which reads in sum and

2  substance, in or about and between January, 2021 and

3  August, 2021, both dates being approximate and

4  inclusive, within the Eastern District of New York and

5  elsewhere, you, also known as CP-30, together with

6  others, did knowingly and intentionally devise a scheme

7  and artifice to defraud the companies.  And the

8  companies are defined in the indictment as Company 1

9  headquartered in Seattle, Subsidiary 1, also operating

10  out of Seattle, and Company 2, which is headquartered

11  in Redmond, Washington.

12          And you are accused of devising this scheme

13  to defraud those companies and to obtain money and

14  property from those companies by means of materially

15  false and fraudulent pretenses, representations, and

16  promises.  And for the purpose of executing such scheme

17  and artifice, you did transmit and cause to be

18  transmitted writings, sign, signals, pictures, and

19  sounds by means of wire communication in interstate and

20  foreign commerce, specifically monetary transfers,

21  online communications with the companies, and other

22  electronic communications, all in violation of United

23  States law.

24          Do you understand what you have been charged

25  with in Count 1, Mr. Parks?

```
 1                THE DEFENDANT:  Yes, your Honor.

 2                THE COURT:  And you've discussed this

 3    particular charge with your attorney.

 4                THE DEFENDANT:  Yes, your Honor.

 5                THE COURT:  If you were to persist in

 6    pleading not guilty, under the Constitution and the

 7    laws of the United States, you'd be entitled to a

 8    speedy and public trial by jury, with the assistance of

 9    counsel, on the charges contained in the indictment.

10                Do you understand that?

11                THE DEFENDANT:  Yes, your Honor.

12                THE COURT:  At that trial, you would be

13    presumed innocent and the government would have to

14    overcome that presumption and prove you guilty by

15    competent evidence and beyond a reasonable doubt.  You

16    would not have to prove that you were innocent.  If the

17    government were to fail, the jury would have the duty

18    to find you not guilty.

19                Do you understand that?

20                THE DEFENDANT:  Yes, your Honor.

21                THE COURT:  In the course of a trial, the

22    witnesses for the government would have to come to

23    court.  They would have to testify in your presence.

24    Your attorney would have the right to cross-examine

25    those witnesses for the government, to object to any
```

1  evidence offered by the government, and to subpoena

2  witnesses and offer testimony and evidence on your

3  behalf.

4          Do you understand that?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  At that trial, while you would

7  have the right to testify if you chose to do so, you

8  could not be forced to testify.  Under the Constitution

9  of the United States, a defendant in a criminal case

10  cannot be forced to take the witness stand and say

11  anything that could be used to show that he is guilty

12  of the crime with which he's been charged.  If you were

13  to decide not to testify, the Court would instruct the

14  jury that they could not hold that decision against

15  you.

16          Do you understand that?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  If you plead guilty, on the

19  other hand, I'm going to have to ask you certain

20  questions about what it is that you did, in order to

21  satisfy myself that you are in fact guilty of the

22  charge to which you seek to plead guilty, and you're

23  going to have to answer my questions and acknowledge

24  your guilt.  Thus, you will be giving up that right

25  that I just described, that is the right not to say

1   anything that could be used to show that you are guilty

2   of the crime with which you've been charged.

3              Do you understand that?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  If you plead guilty and I

6   recommend to Judge Komitee that he accept your plea,

7   you will be giving up your constitutional right to a

8   trial and all of the other rights that I've just

9   described.  There will be no further trial of any kind.

10  Judge Komitee will simply enter a judgment of guilty

11  based upon your guilty plea.

12             Do you understand that?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  Are you willing to give up your

15  right to a trial and the other rights that I have just

16  described?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  I understand there is a written

19  plea agreement in this case.  I'm marking it as

20  Government Exhibit 1 for purposes of these proceedings.

21             Could you please take a look at this and

22  tell me if you've seen it before?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  Have you had an opportunity to

25  read it?

```
1                 THE DEFENDANT:  Yes, your Honor.
2                 THE COURT:  And did you discuss it with
3      counsel?
4                 THE DEFENDANT:  Yes, your Honor.
5                 THE COURT:  Is that your signature on the
6      last page?
7                 THE DEFENDANT:  Yes, your Honor.
8                 THE COURT:  Do you understand what the
9      agreement says?
10                THE DEFENDANT:  I do, your Honor.
11                THE COURT:  Does this agreement fully and
12     accurately reflect your understanding of the agreement
13     that you have with the government?
14                THE DEFENDANT:  Yes, your Honor.
15                THE COURT:  Other than the promises in the
16     agreement, has anyone made any other promise that has
17     caused you to plead guilty here?
18                THE DEFENDANT:  No, your Honor.
19                THE COURT:  Has anyone made any promise to
20     you as to what your sentence will be?
21                THE DEFENDANT:  No, your Honor.
22                THE COURT:  I want to briefly review with
23     you the sentencing scheme that applies here.  The
24     statute that you are accused of violating in Count 1
25     charges you with -- carries a potential term of zero
```

1   years and a maximum term of imprisonment of twenty

2   years.  There are in effect what are called sentencing

3   guidelines and those guidelines are merely that.

4   They're a guide to help the Court determine where

5   within that zero-to-twenty-year range your sentence

6   should fall.  The guidelines are not mandatory but the

7   Court is required to consider the guidelines along with

8   all other relevant statutory factors in determining

9   what an appropriate sentence for you should be.

10          Do you follow me so far?

11          THE DEFENDANT:  Yes, your Honor.

12          THE COURT:  The important thing you must

13   understand is that until the time of sentencing, when

14   Judge Komitee is going to get what is called a

15   presentence report, which will be prepared by the

16   Probation Department following your plea here, and the

17   judge has an opportunity to hear from you and to hear

18   from your attorney and to hear from the government's

19   attorney, until that time, no one can promise you

20   exactly what your sentence will be, not your attorney,

21   not the government's attorney, not me, not even Judge

22   Komitee until then.

23          Do you understand that?

24          THE DEFENDANT:  I understand, your Honor.

25          THE COURT:  Nevertheless, I'm going to ask

1   the government to put on the record what your

2   calculation of the guideline range would be based on

3   what we know today.

4            MR. REICH:  Thank you, your Honor.  The

5   government estimates that the guideline range

6   applicable in this case would result in a term of

7   imprisonment of 41 to 51 months.

8            THE COURT:  Okay.  Can you tell me how you

9   got to that number?

10           MR. REICH:  Yes, your Honor.  The government

11  calculated a base offense level of 7 under United

12  States Sentencing Guideline Section 2e1.1(a)(1).  The

13  government thereafter calculated an enhancement of 18

14  points because the loss in the case exceeds 3.5 million

15  dollars.  Thereafter, an additional 2 points was added

16  under Section 2b1.1(b)(10)(C) because the fraud was

17  executed using sophisticated means.  That totals 27

18  points.  Thereafter, your Honor, 3 points were deducted

19  for timely acceptance of responsibility, and additional

20  2 points were deducted because the defendant is

21  considered a zero-point offender.

22           THE COURT:  Okay.

23           MR. REICH:  I'm sorry, that resulted in an

24  adjusted offense level of 22, your Honor.

25           THE COURT:  Right, which is how you got your

1   41 to 51 months, correct?

2                MR. REICH:  That's right, your Honor,

3   assuming a criminal history category of 1.

4                THE COURT:  Okay.  I understand from the

5   plea agreement that the defendant has stipulated to

6   that guideline calculation, is that correct, counsel?

7                MR. REICH:  Your Honor, he has stipulated to

8   the calculation with the exception that he may

9   challenge the loss amount as calculated under

10  2b1.1(b)(1)(J).

11               THE COURT:  Okay.  And the key here, though,

12  of course, Mr. Parks, is at this point, the government

13  has given you its estimate of the guideline range.  I

14  gather that you have some arguments that your counsel

15  will make regarding the loss amount.  That would affect

16  the guideline range, I assume.

17               THE DEFENDANT:  Yes, that's correct, your

18  Honor.

19               MR. DAHLBERG:  That's correct, your Honor.

20               THE COURT:  But the key here is that

21  regardless of the strength of the argument that your

22  attorney may make at the time of sentencing, right now,

23  no one can promise you exactly what sentence you will

24  receive from the judge.

25               Do you understand that?

1          THE DEFENDANT:  I understand, your Honor.

2          THE COURT:  And in fact, the plea agreement

3    specifically provides that if the guideline range that

4    the government just put on the record turns out to be

5    different than the guideline range determined by the

6    Probation Department or the Court, you understand you

7    will not be allowed to withdraw your guilty plea.

8          Do you understand that?

9          THE DEFENDANT:  I understand, your Honor.

10         THE COURT:  I take it that Mr. Parks is a

11   citizen of the United States?

12         MR. DAHLBERG:  Correct, your Honor.

13         THE COURT:  The reason I ask, Mr. Parks, is

14   because if you were not a citizen of the United States

15   or you were a naturalized citizen, there are

16   immigration consequences that could potentially apply

17   as a result of your plea here.  You could be deported

18   if you were not a United States citizen, or if you were

19   naturalized, you could be de-naturalized and deported.

20   But if you are a citizen of the United States,

21   obviously, none of these concerns relate to you.

22         Do you understand that?

23         THE DEFENDANT:  I understand, your Honor.

24         THE COURT:  But you do face a term of

25   supervised release.

1              Do you know what supervised release is?

2              THE DEFENDANT:  I do, your Honor.

3              THE COURT:  Basically, once you've completed

4    any sentence of imprisonment that you may be directed

5    to serve, you'll be released from jail, but there will

6    be certain restrictions placed on your freedom.

7    Reporting to a probation officer on a periodic basis is

8    a common restriction.

9              Do you understand that?

10             THE DEFENDANT:  I understand, your Honor.

11             THE COURT:  The important thing here is that

12   as a result of your plea, you face a maximum term of

13   supervised release of three years.  And if you violate

14   any of the conditions of supervised release, you can be

15   sentenced to up to two years in prison without getting

16   any credit for the time that you previously served in

17   prison and without getting credit for the time that you

18   served successfully on supervised release up to the

19   date that you committed the violation.

20             Do you understand that?

21             THE DEFENDANT:  I do understand, your Honor.

22             THE COURT:  You face a potential fine.  That

23   maximum fine in this case is the greater of $250,000 or

24   twice the gross gain or twice the gross loss.

25             And I'm assuming the government has an

```
1    estimate of gross gain or loss at this point?

2              MR. REICH:  We do, your Honor.  I could

3    share it if the Court would be interested.

4              THE COURT:  Yes, please.

5              MR. REICH:  The total loss in this case to

6    the victims was 3.5 million dollars.  The total gain is

7    slightly different to the total loss because of the

8    nature of the case and the circumstances here.  If you

9    could give me just a second just to get that number,

10   your Honor.

11             THE COURT:  Sure.

12             MR. REICH:  The total gain, your Honor, is

13   approximately $970,000.

14             THE COURT:  Okay.  So the maximum fine that

15   could be imposed, assuming that you establish the gross

16   gain as 3.5 -- is that what you said?

17             MR. REICH:  3.5.  I guess it would be twice

18   3.5, so 7 million.

19             THE COURT:  Do you understand that is the

20   maximum that could be imposed?

21             THE DEFENDANT:  I do understand.

22             THE COURT:  And you also are required to pay

23   restitution.

24             I'm assuming that it's the same 3.5-million-

25   dollar amount that would be owed in restitution?
```

1              MR. REICH:  That is the government's

2    position, your Honor.

3              THE COURT:  Right, right.

4              And I understand that's an issue to be

5    determined by the Court.  But at this point, I just

6    want you to understand what the government's position

7    is as set out in the plea agreement, okay?

8              THE DEFENDANT:  I understand.

9              THE COURT:  Okay.

10             MR. REICH:  And, your Honor, that's an

11   approximate number, just to (ui).

12             THE COURT:  Okay.

13             MR. REICH:  Thank you.

14             THE COURT:  Mr. Parks, you also understand

15   that you must pay a $100 special assessment.

16             THE DEFENDANT:  I understand.

17             THE COURT:  Okay.  Then in the plea

18   agreement, there are specific paragraphs, I think

19   beginning with paragraph 6 on page 5, where you

20   acknowledge that you obtained or acquired property

21   subject to forfeiture.  And you've consented in the

22   plea agreement to the entry of a forfeiture money

23   judgment in the amount of $500,000, in addition to the

24   forfeiture of any right, title, and interest that you

25   have in a 2015 Mercedes Benz, and it's identified in

1    the plea agreement by vehicle number, and all proceeds

2    traceable thereto that were seized by law enforcement

3    on April 10th, 2024 in Omaha, Nebraska.

4         Do you understand that you've agreed to

5    that?

6         THE DEFENDANT:  I do understand.

7         THE COURT:  You have in the plea agreement

8    consented to the entry of a preliminary order of

9    forfeiture, and you've agreed that that forfeiture

10   money judgment of $500,000 shall be paid in full on or

11   before the date of your sentencing.

12        Do you understand that?

13        THE DEFENDANT:  I do understand.

14        THE COURT:  And the plea agreement contains

15   the information as to how and where you are to make

16   that payment.  You've given up any right that you might

17   have to notice or a jury trial with respect to the

18   forfeiture.

19        Do you understand that?

20        THE DEFENDANT:  I do understand.

21        THE COURT:  Okay.  And if you fail to pay

22   any portion of the forfeiture money judgment when it's

23   due, you have consented to the forfeiture of any other

24   of your property up to the total amount of the

25   forfeiture money judgment.

1             Do you understand that you've agreed to

2     that?

3             THE DEFENDANT:  I do understand.

4             THE COURT:  Okay.  And you've agreed to

5     assist the government in effectuating the payment of

6     this judgment, and you've agreed not to file any claims

7     or assist anyone else in filing a claim against any

8     property that the government seeks to forfeit as a

9     result of this money judgment.

10            Do you understand that?

11            THE DEFENDANT:  I do understand.

12            THE COURT:  Finally, you can appeal your

13    conviction if you believe that your guilty plea here

14    was somehow unlawful or involuntary, or there was some

15    other fundamental defect in these proceedings that was

16    not waived by your plea.  You also have a statutory

17    right to appeal your sentence under certain

18    circumstances, if you believe that your sentence is

19    contrary to law.  However, in the plea agreement,

20    you've agreed that you will not file an appeal or

21    otherwise challenge your conviction or your sentence so

22    long as the Court imposes a term of imprisonment of 57

23    months or less.

24            Do you understand that?

25            THE DEFENDANT:  I do understand.

```
 1                THE COURT:  Okay.  Anything else in the plea
 2   agreement that I should review with the defendant?
 3                MR. REICH:  Your Honor, I would just add
 4   that in the plea agreement, the defendant has agreed
 5   not to challenge on appeal the duration of supervised
 6   release or any condition of supervised release of which
 7   he has prior notice ahead of sentencing and to which he
 8   does not object at sentencing.  That's on page 4,
 9   paragraph 4 of the plea agreement.
10                THE COURT:  Okay.  Counsel, anything else?
11                MR. DAHLBERG:  No, your Honor, that's
12   accurate.
13                THE COURT:  Okay, all right.  Mr. Parks, do
14   you have any questions that you would like to ask me
15   about the charge or your rights or the plea agreement,
16   or anything else before we proceed?
17                THE DEFENDANT:  No, your Honor, thank you.
18                THE COURT:  Are you ready to plead at this
19   time?
20                THE DEFENDANT:  Yes, your Honor.
21                THE COURT:  Counsel, do you know of any
22   reason why the defendant should not plead guilty?
23                MR. DAHLBERG:  No, your Honor.
24                THE COURT:  Are you aware of any viable
25   legal defense to the charge?
```

1          MR. DAHLBERG:  No, your Honor.

2          THE COURT:  Charles O. Parks III, what is

3    your plea to Count 1 of indictment 24-CR-195, guilty or

4    not guilty?

5          THE DEFENDANT:  Guilty.

6          THE COURT:  Are you making this plea of

7    guilty voluntarily and of your own free will?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  Has anyone threatened or forced

10    you to plead guilty?

11          THE DEFENDANT:  No, your Honor.

12          THE COURT:  Has anyone made any promise to

13    you as to what your sentence will be?

14          THE DEFENDANT:  No, your Honor.

15          THE COURT:  I read the charge to you a few

16    moments ago.  I want you to tell me in your own words

17    what it is that you did between January, 2021 and

18    August 2021 in connection with this scheme.

19          THE DEFENDANT:  My counsel assisted me in

20    preparing a statement.  May I read it?

21          THE COURT:  Yes.

22          THE DEFENDANT:  Thank you.  Between January

23    and August of 2021, I made representations that I knew

24    were false via electronic means to two cloud service

25    providers to convince them to provide me access to

1    large amounts of computing resources.  I used those

2    resources to mine cryptocurrency and did not pay for

3    all of those computing resources that I used.  I knew

4    that using the computing resources to mine

5    cryptocurrency was in direct violation of the terms and

6    service of those cloud service providers.

7                THE COURT:  Okay.  And what would the

8    government's proof be with respect to the

9    interstate/foreign commerce element of the charge?

10               MR. REICH:  Your Honor, I'll speak to a

11   couple of things if you don't mind.  First, I just want

12   to add that I believe that counsel will agree that the

13   government's evidence would demonstrate that at least

14   some of the conduct described by the defendant just now

15   occurred within the Eastern District of New York.

16   Secondly, to answer your question, there were wires

17   that were moving through interstate commerce, including

18   email communications and other electronic

19   communications and money transfers that occurred across

20   state lines.

21               THE COURT:  Okay.  Yeah, I was going to ask

22   the location of the defendant when he was making these

23   wire transfers.

24               At any point in time, were you in the

25   Eastern District of New York?

1                THE DEFENDANT:  No, your Honor.

2                THE COURT:  Okay.  So how does the Eastern

3    District figure into this?

4                MR. REICH:  Your Honor, to clarify, the

5    government would demonstrate that at least in one

6    instance, the defendant was within the Eastern District

7    of New York, in particular Queens, New York.  There are

8    other bases but that's the one that I'll proffer now

9    just to make the record clear about the defendant's

10   comments just now.

11               THE COURT:  Okay.

12               THE DEFENDANT:  Are you --

13               MR. DAHLBERG:  Could we just have a moment?

14               THE COURT:  If you want to talk to your

15   lawyer, please do so.

16               MR. DAHLBERG:  Thank you, your Honor.

17               THE COURT:  I would just advise you to speak

18   through him.

19               MR. DAHLBERG:  Thank you.

20               (Mr. Dahlberg is conferring with the

21   defendant.)

22               THE DEFENDANT:  I apologize, your Honor.  I

23   may have been traveling when I made one of those

24   transfers.

25               THE COURT:  Okay.  So traveling through the

1    Eastern District of New York.

2            THE DEFENDANT:  That may be possible.

3            MR. REICH:  That's right, your Honor.  And

4    to be clear, the government's allegation is that there

5    was a wire -- not in particular a transfer but a

6    communication with service providers in connection with

7    the scheme.

8            THE COURT:  Counsel, does your client agree

9    to that?

10            MR. DAHLBERG:  Yes, your Honor.  We don't

11    object to -- the government has that evidence, and I

12    think that's sufficient to establish the link to the

13    Eastern District of New York.

14            THE COURT:  Okay.  Mr. Parks, just one other

15    question:  When you made these false statements, you

16    knew that you were making them in order to obtain these

17    services without paying for them, in other words that

18    you were defrauding these companies out of services

19    that would normally have to be paid for, correct?

20            THE DEFENDANT:  I had knowledge that my

21    admission would lead to that, yes.

22            THE COURT:  Okay, all right.  I think that's

23    sufficient.  Anything else I should inquire of the

24    defendant?

25            MR. REICH:  Nothing further from the

1  government, your Honor.

2           THE COURT:  Counsel, anything further from

3  you?

4           MR. DAHLBERG:  No, your Honor.

5           THE COURT:  All right.  Based on the

6  information given to me, I find that the defendant is

7  acting voluntarily, fully understands his rights and

8  the consequences of his plea, and that there is a

9  factual basis for the plea.  I will therefore recommend

10  to Judge Komitee that he accept your plea of guilty to

11  Count 1.

12           What happens now, Mr. Parks, is you're going

13  to meet with someone from the Probation Department to

14  prepare that presentence report that we talked about a

15  little bit earlier.  I urge you to cooperate with them,

16  obviously with counsel's advice.  I believe that we

17  have a date set by the judge for May 29th at 10:00 a.m.

18  for sentencing.  Obviously, if that doesn't work for

19  someone, you need to get in touch with the judge's case

20  manager to arrange a different time, okay?

21           I'm assuming that in the interim, Mr. Parks

22  will remain out on bail?

23           MR. REICH:  That's the government's

24  understanding and position, yes, your Honor.

25           THE COURT:  Okay, all right.  Anything else?

1              MR. DAHLBERG:  Your Honor, could you repeat

2       the time for the sentencing?

3              THE COURT:  Sure, sorry, it's 10:00 a.m. May

4       29th.

5              MR. DAHLBERG:  Thank you.  Nothing further

6       from us.

7              THE COURT:  Thank you very much, everyone.

8              THE DEFENDANT:  Thank you, your Honor.

9              MR. REICH:  Thank you.

10                      *  *  *  *  *  *  *

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18          I certify that the foregoing is a correct

19   transcript from the electronic sound recording of the

20   proceedings in the above-entitled matter.

21

22

23

24

25   ELIZABETH BARRON                    December 18, 2024