

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

ADR
F. #2022R00177

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 11, 2025

By ECF

The Honorable Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   United States v. Charles O. Parks III
             Criminal Docket No. 24-105 (EK)

Dear Judge Komitee:

      The government respectfully submits this letter to respond briefly to the defendant's August 9, 2025 supplemental sentencing submission. *See* ECF No. 49. The government maintains that its loss calculation is the proper calculation for all of the reasons set forth in the government's sentencing submission and supplement. *See* ECF Nos. 39, 46.

      In his August 9 submission, the defendant continues to question the unambiguous amounts in the invoices provided to him by the victim companies, which he did not dispute at the time he received them. The defendant asks the Court to ignore the companies' calculations of their own costs of services and to instead rely on conjecture. His request is a transparent attempt to reverse engineer a new loss calculation that would reduce his sentencing guidelines offense level. The Court should not entertain it.[1]

      In the alternative, the defendant again argues that the costs of the services are impossible to calculate (they are not) and that the Court should instead look to the amount of the defendant's gain (it need not). However, even if this were the proper approach, the defendant's proposed gain calculation is incorrect. As the government set forth in its sentencing submission and in the indictment in this case, the defendant made over $900,000 in profits from his fraudulent cryptojacking scheme. *See* Presentence Investigation Report ("PSR") at ¶ 21. The defendant

---

[1]   Among other things, the defendant asks that the Court use a "rolling average" of spot prices to value the computing instances that the companies provided to him. But spot prices, by definition, are calculated in real time to account for fluctuating demand and availability. The defendant provides no basis to use his self-serving formulas to estimate prices when the actual prices calculated by the companies and charged to the defendant are known and available.

himself confirmed to law enforcement that he made "about a million, south of a million" dollars from the scheme. *Id.* ¶ 33.[2] The defendant's reliance on the negotiated forfeiture amount is misplaced. That amount was agreed upon by the parties in an effort to resolve the case short of trial. In any event, the defendant's calculation of that amount is also incorrect. The defendant agreed to a forfeiture money judgment of $500,000 as well as forfeiture of his Mercedes Benz luxury car, which he purchased for approximately $59,000 using proceeds from the fraudulent scheme.

                              Respectfully submitted,

                              JOSEPH NOCELLA, JR.
                              United States Attorney

By:    /s/
        Andrew D. Reich
        Assistant U.S. Attorney
        (718) 254-7000

cc:    Clerk of Court (EK) (By ECF and Email)
        Counsel of Record (By ECF and Email)
        United States Probation Officer (By Email)

---

[2] This figure is supported by the materials produced to the defendant in discovery, including materials provided by the virtual currency exchange used by him. *See* Exhibit A (excerpt of "compliance_report" spreadsheet at PARKS_001863). In a section titled "TRANSACTIONS," withdrawals from the defendant's account from January 2021 through August 2021, the period of the charged scheme, total approximately $973,000. *See* Exhibit B (filtered and summed results). By comparison, the defendant's withdrawals outside this timeframe are negligible.